## CIRCUIT COURT OF MONTGOMERY COUNTY

Jessica R. Cox,
by her parent
and next friend,
Tracy Cox

v.

Kenneth Jones,
Christiansburg Family
Practice Associates,
Irving B. Elkins,
William W. King, and
Urology Associates of New River Valley

October 28, 1997

BY JUDGE RAY W. GRUBBS

Before the Court for resolution is the Motion of Defendants, Elkins, King, and Urology Associates of the New River Valley, P.C., to compel the allowance of the discovery depositions of Dr. Stuart Howards, a treating physician of plaintiff, who has not been identified as an expert witness.

Defendants maintain that Dr. Howards' conclusions and opinions based upon the information he obtained during the course of his treatment of plaintiff are relevant to the issues of causation.

Plaintiff argues that the granting of said motion would breach the fiduciary relationship existing between the physician and his patient.

The issue presented is whether the defendants can use a treating physician as an expert witness against the plaintiff. There is no appellate authority in Virginia directly on point. The plaintiff has cited two Virginia Circuit Court opinions in opposition to said motion, namely: *Chow v. Hurt* (November 5,

1991, from the Circuit Court of the City of Richmond, Case No. LM-3861-3 and *Johnson v. Jones* (1992), also from the Circuit Court of the City of Richmond, Case No. LT-2060-2. In support of said motion, *Jews v. Levin* (1993) from the U.S. District Court for the Western District of Virginia, Danville Division, Case No. 93-0011-D, has been cited.

All relevant, non-privileged information is discoverable in civil actions. Virginia Supreme Court Rule 4:1(b)(1). Assuming, for purposes of argument, that Dr. Howards' opinions are relevant to the issues herein, are such opinions privileged?

Virginia Code Ann. § 8.01-399(A) sets out, in part, as follows:

> Except at the request or the consent of the patient, no duly licensed practitioner ... shall be required to testify in any civil action, requesting any information which he may have acquired in ... treating the patient in a professional capacity.

Paragraph B thereof sets forth an exception, as follows:

> when the physical or mental condition of the patient is at issue in a civil action, facts communicated to, or otherwise learned by, such practitioner in connection with such ... treatment shall be disclosed but only in discovery pursuant to the Rules of Court or through testimony at the trial ....

Here it is obvious that the plaintiff's physical condition is at issue. However, the waiver of privilege, as set out above, is limited to that of facts. The waiver does not encompass the opinions of the treating physician. Hence, the Court finds that the physician-patient privilege has not been waived as to Dr. Howards' opinions as they relate to causation.

The opinion testimony of Dr. Howards, in his capacity as a treating physician, could be received with greater weight than that of other expert witnesses testifying, by virtue of this relationship. Such testimony, adverse to her, would be prejudicial to the plaintiff and outweigh any probative value.

The Court denies the motion to compel Dr. Howards to render opinion testimony as an expert witness but will allow his discovery deposition as to factual testimony.

Also, before the Court is plaintiff's motion to increase the *ad damnum*. In this motion, plaintiff seeks to increase the amount sued for in her Motion for

Judgment to $8,000,000.00. Defendants Jones and Christiansburg Family Practice Associates, a partnership, object arguing that the "cap" imposed by § 8.01-581.15 is applicable to both defendants.

At the request of Mr. Eskridge, the Court has reconsidered its prior ruling as to the applicability of the "cap" to Christiansburg Family Practice Associates imposed by § 8.01-581.15. An analogy can be drawn between the case at bar and *Schwartz v. Brownlee*, 253 Va. 159, 482 S.E.2d 827 (1992), as cited by plaintiff. In reliance thereon, the Court determines that the cap does not apply to the partnership.

Plaintiff's motion to increase the amount sued for to $8,000,000.00 is granted.